## HARTMAN v OHIO NATL BANK

Ohio Appeals, 2nd Dist, Franklin Co

No 1998. Decided Feb 18, 1931

Henry Gumble and John A. Connor, both of Columbus, for Hartman.

Charles S. Krumm, E. J. Schanfarber, James M. Butler, and Claude J. Bartlett, all of Columbus, for Bank.

THE FACTS ARE STATED IN THE
OPINION.

BY THE COURT:

Plaintiffs in error are the beneficiaries under a trust created by Item 1 of the Last Will and Testament of Samuel B. Hartman, who died in 1918.

On the death of Earl S. Davis, who was named trustee under said item, the Probate Court appointed the defendant in error, the Ohio National Bank, trustee. Thereafter the plaintiffs in error, who are more than one-half in number and interest of the beneficiaries under said trust, made application to the Probate Court to remove the defendant in error as trustee. This application was denied. Error was prosecuted to the Common Pleas Court, where the action of the Probate Judge was affirmed, and the cause now comes into this court to reverse the judgment of the Common Pleas Court.

We shall not undertake to state in detail the occurrences in the Probate Court subsequent to the death of Earl S. Davis, leading up to the appointment of the defendant in error as trustee, under Item 1 of the will of Samuel B. Hartman, deceased, but state directly the narrow question,

the answer to which is determinative of this cause.

The regularity or irregularity, validity or invalidity of the appointment of the defendant in error as trustee is not before us. This is a review of the judgment of the Common Pleas Court affirming an order of the Probate Court in refusing to remove the defendant trustee which he had named. The correctness of the judgments of the Common Pleas Court and the Probate Court depends upon the proper construction of §11035 and §11036 GC.

Item 1 of the will of Samuel B. Hartman reads:

"I hereby appoint Earl S. Davis, of Franklin County, Ohio, my executor and trustee to administer my estate and to execute the trusts mentioned in and created by this will; and, in case of his failure to accept and qualify as such executor and trustee, or in case of his resignation, removal or death before the full execution of the trusts herein and hereby created, I hereby confer upon the person or persons who shall lawfully be appointed to act and shall duly qualify as my executor and trustee all of the powers and impose upon such person or persons all of the duties herein and hereby conferred and imposed upon said Earl S. Davis."

Earl S. Davis qualified under this item of the will, and served as trustee until his death.

Sec 11035 GC reads:

"The Probate Court may accept the resignation of any trustee accounting therein, or who has been appointed by it, and shall remove such trustee, he having ten days' notice thereof, for habitual drunkenness, neglect of his duties, incompetency, fraudulent conduct, or because the interest of the trust requires it, or upon the written application of more than one-half of the heirs, or next of kin, or legatees having an interest in the estate controlled by such trustee. The trustee himself is not to be considered an heir, next of kin, or legatee under such proceedings."

Sec 11036 GC:

"No trustee apopinted under a will, shall be removed on the written application of more than one-half of the heirs, next of kin, or legatees, as provided in the next preceeding section, unless for good cause."

Our immediate question is encompassed within the term "No trustee appointed un-

der a will," at the very beginning of §11036 GC.

Is the Ohio National Bank as trustee, a trustee appointed under the will?

The briefs of counsel which have come to our attention disclose the most careful and comprehensive analysis and study of the proposition before us. The legislative history of the sections under consideration is traced with meticulous care. Authorities are cited from other states, particularly Pennsylvania, for and against the claim of plaintiffs in error. But one Ohio case is cited, and it is only helpful inferentially.

We, therefore, although having considered all cases cited which we feel could have been helpful in any manner, are forced to determine the question largely by a study of the subject matter involved in the legislation, and the probable purpose in mind in enacting the statutes under consideration.

At the outset, we are convinced that there is uncertainty and indefiniteness in the language "trustee appointed under a will," as employed in §11036 GC.

We briefly discuss the proposition for determination under three headings.

First, the meaning of the will itself.

Second, the probable purpose of the Legislature in enacting §11035-§11036 GC, in the light of the rules of statutory construction, and

Third, the practical effect of judicial determination of the doubtful language under consideration.

First. Item 1 names Earl S. Davis as trustee and gives him definite and specific duties, authority and power, and further provides in the event that he fails to accept and qualify, or, after acceptance resigns or is removed or dies his successor shall have all the powers and be qualified to do all the acts reposed in Earl S. Davis, Trustee

Dr. Hartman and his scrivener are presumed to have acted with the knowledge that the only source from which the appointment of the trustee, provided by Item 1 could come in the event Earl S. Davis did not qualify or after qualification for any reason ceased to act, was the Probate Court.

The item therefore by implication has as definitely provided for a successor to Earl S. Davis as it did for his appointment in the first instance. There is then within the will provision and authority for the naming by the Probate Court of a successor trustee to Earl S. Davis.

We are of opinion that no violence is done to the meaning and purpose of the will itself in saying that the successor to Earl S. Davis though not nominated in is

named by virtue of or under the will of Dr. Hartman.

Second. It is a rule of statutory construction that legislators in the enactment of laws use language in its common and accepted meaning, and if it is desired to express a specific purpose which has theretofore been carried into legislative enactment, will follow the language there employed.

Certain sections of the General Code, practically all of which were in effect when §11035 GC and 11036 GC were last considered by the Legislature are helpful in determining what was in mind when the expression "Trustee appointed under a will" was employed in §11036 GC.

Sec 10605 GC providing when letters testamentary shall issue, uses this language, in part:

"Provided, however, if the executor named in a will be a non-resident of this state, the court may refuse to issue letters testamentary to such person named therein."

Sec 10591 GC providing trustee by will shall give bond,

"Every trustee appointed in a will, before entering upon his duties as such, must execute a bond," etc.

It is evident that the lawmakers in both of these sections were referring to the individual designated by name in the will itself. §10591 GC is especially applicable here, and had it been the purpose to confine the trustee appointed under a will in §11036 GC to a trustee appointed in the will the simple and direct manner of accomplishing this effect would have been to employ similar, or the express language of §11591 GC.

Sec 10595 GC also illustrates the fact that the legislators in enacting §11035 and §11036 GC had appropriate language before them where specific reference was meant to be made to a trustee nominated in or by the will.

This section provides:

"When two or more trustees are appointed by will, to execute a trust, and one or more of them dies, declines, resigns, or is removed, the survivors or remaining trustees or trustee may execute the trust, unless the terms of the will express a contrary intention."

There are other sections which emphasize the thought in mind, but it is not necessary to cite them.

We think it significant and favorable to the action of the Lower Courts that at the time of the enactment of the original Act, 90 Ohio Laws, 368, that portion of the Act which is now carried into the proviso in §11036 GC was inserted by way of amendment. §11036, GC a part of the original Act, applies to all trusts which are administered in the Probate Court. It is suggested that the bill was referred to the Judiciary Committee, which no doubt was composed largely of lawyers. The inference therefore to be drawn is that the language employed was legalistic and met and stood the test of scrutiny of men versed in the law. It therefore seems probable to us that such bodies of men had they purposed to protect from removal without cause by application of a majority of the beneficiaries only the trustee specifically named in or by a will would have used language the meaning of which would permit of no doubt. There is convincing force in the claim that they were dividing the field of trusts into two classes. (1) Those created by will and (2) those arising in any other manner and that the language chosen "Trustee appointed under a will" pertained to the individual who should be appointed in the first class whether expressly named in the will or made necessary by the will and named by the court.

The observations which we make under third heading are general in scope. They do not have particular reference to the trust under consideration. We have not considered in detail the scope of the trust, its provisions, the extent to which discretionary power is vested in the trustee, how its exercise affects the different individuals who are beneficiaries under the trust, that any but the highest motives actuated them in seeking to have a voice in the selection of the trustee, nor do we in any sense infer that the appointed trustee is more capable or better qualified to administer the trust than those suggested to the court. As we understand it, there is not now nor never has been any question as to the qualifications of the trustee named or of the trust companies suggested for appointment as trustee to meet the duties and responsibilities delegated by Item One of said bill.

Third. The very purpose of a testator in creating a trust is to retain control, supervision, and discretion in distribution of the proceeds of the corpus of the trust in a person designated trustee as distinguished from a different, fuller and more liberal use and benefit thereof as desired or determined by those for whom it is created the cestuis que trust.

If a majority of the beneficiaries of a trust created by will can upon written application require the removal of a trustee named to execute the trust, they are given power tantamount to that of appointment of the trustee, whose duty it is to administer the trust according to the purposes of the creator of the trust. Our law makes no direct or express provision empowering the beneficiaries to name or in any way shape the action of the Probate Judge in nominating a trustee of a trust, of which they are to receive the benefit. It is improbable that it is the purpose of the law to accord to them unlimited and unrestricted control of such appointment. It would be clearly within legislative power, and might be equitable, to permit a majority of beneficiaries of a trust to suggest a number of suitable individuals or corporations from which the Probate Judge would be compelled to make selection. But this has not been done, and we would hesitate unless the clear and unequivocal language of the statute required the Legislature meant to permit by indirection, namely, by provision §11035 GC, the accomplishment of that which they could not do by direct action, namely, to require the appointment of a trustee of their own choosing.

The language "a trustee appointed under a will" as commonly used and understood means a trustee named by reason of a trust created in a will. It is broader and more inclusive than the individual who may in the first instance be nominated by the testator.

It is urged that to give to the language the interpretation of the Probate and Common Pleas Courts would not permit less than a majority of the heirs or beneficiaries of a trust by application to remove a trustee even for a good cause. If this be true, there is no injustice brought about by the situation, because the court has full power at any time on its own motion or on the suggestion of any person interested in the trust to remove a trustee for the specific reasons assigned in §11035 GC which are equivalent to good cause.

We are therefore of opinion that there is no manifest prejudicial error in the judgment of the Common Pleas Court in affirming the action of the Probate Court; that the defendant in error is a trustee appointed under the will of Dr. Hartman, and can not be removed upon the application of the plaintiffs in error, except for good cause shown.

The judgment will therefore be affirmed.

(ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.)